## LEWIS LEROW *vs.* EZRA WILMARTH.

A new promise in writing to pay a debt, made after the commencement of proceedings in insolvency and before the granting of a certificate of discharge, is valid and binding.

CONTRACT upon a witnessed promissory note signed by the defendant, dated March 30, 1854, and payable to the plaintiff or order. The answer set up a discharge in insolvency, dated in March 1858, under proceedings in which the first publication of the notice of the issuing of the warrant was made on the 8th of July 1857. The plaintiff replied that the discharge was void, and also that the plaintiff had made a new promise to pay the note.

At the trial in the superior court, before *Ames*, J., it appeared that a mortgage had been given to secure the note; and that on the 3d of October 1857 the defendant sent to the plaintiff the following letter: " The interest on your demand is, as usual, ready . . . . . . and the principal will be forthcoming as soon as possible. It was my intention and expectation to pay the whole now or before, but you know how money matters now are, and therefore I need not enlarge on this point. I have lost a large amount of money since I made the purchase of you, but will pay your demand, and you know it is all safe, but I have been greatly disappointed in receipt of money." There was also evidence which the plaintiff contended was sufficient to show that the defendant had obtained his discharge fraudulently, but this was rendered immaterial by the decision.

The judge directed a verdict for the defendant, which was returned accordingly; and the plaintiff alleged exceptions.

*S. E. Sewall,* for the plaintiff, cited *Woodbridge* v. *Allen,* 12 Met. 470; *Maxim* v. *Morse,* 8 Mass. 127; *Otis* v. *Gazlin,* 31 Maine, 567, and cases cited; *Stillwell* v. *Coope,* 4 Denio, 225; *Tooker* v. *Doane,* 2 Hall, (N. Y.) 538; *Kingston* v. *Wharton,* 2 S. & R. 208; *Lewis* v. *Chase,* 1 P. W. 620; *Trueman* v. *Fenton,* Cowp. 544; *Birch* v. *Sharland,* 1 T. R. 715; *Brix* v. *Braham,* 8 Moore, 261, and 1 Bing. 281; *Roberts* v. *Morgan,* 2 Esp. R. 736; Eden on Bankruptcy, 429; 1 Deacon on Bankruptcy, (2d ed.) 672.

*N. B. Bryant,* for the defendant, cited *Reed* v. *Frederick,* 8 Gray, 230; *United Society* v. *Winkley,* 7 Gray, 460.

METCALF, J. The plaintiff has not succeeded in showing that the defendant's discharge under the insolvent law is void by reason of anything fraudulently done by him; but has succeeded in showing that the discharge is not a bar to this action.

If the promise made by the defendant, in his letter to the plaintiff, October 3d 1857, had been made after the discharge was granted, the law is settled, and not questioned by the defendant's counsel, that it would have been a valid promise. And we are of opinion that the promise, made after the commencement of proceedings in insolvency against the defendant, though before the granting of the discharge, is as binding in law as if it had been made after discharge granted. The defendant's counsel has suggested no difference in principle between this case and those which have been decided respecting promises made by discharged bankrupts.

Under the bankrupt laws of England and of the United States, a promise by the bankrupt, after a commission of bankruptcy issued against him, to pay a debt due before the bankruptcy, is no less binding on him than such promise made after he has obtained a certificate of discharge. The authorities cited by Mr. Sewall are conclusive on this point. And in the additional case of *Kirkpatrick* v. *Tattersall,* 13 M. & W. 770, Mr. Baron Parke said: " There is no distinction in this respect between the case of a promise made before the certificate, and one made after it. Both are equally binding, though the only consideration be the old debt. . . . . . . The only distinction

between a promise before and after the certificate is, that in the former it may be more doubtful whether the debtor meant to engage to pay, notwithstanding his discharge under the bankruptcy ; but if it is clear that he did, the promise is equally binding." The court of exchequer, therefore, overruled a contrary decision made in that case, at *nisi prius*, reported in 1 Car. & Kirw. 577.

Our only hesitation in setting aside the verdict in this case was caused by the case of *Reed* v. *Frederick*, 8 Gray, 230, on which alone the defendant relies, where Chief Justice Shaw said " the plaintiff could recover only by proving an express promise after the debtor had obtained his discharge." But on examination of that case we are satisfied that this *dictum* cannot be applied to the case before us, and that if it were applicable to a case like this it could not be sustained. In answer to the discharge in insolvency, on which the defendant there rested his defence, the plaintiff was allowed, at the trial in the court of common pleas, to introduce evidence tending to show three promises of the defendant to pay the note in suit; one before he filed his petition for the benefit of the insolvent laws, another while the insolvency proceedings were pending, and another after his discharge. Evidence of the first was admitted only for the purpose of showing the greater probability that the defendant would afterwards make the others. On arguing the exceptions taken by the defendant to the admission of such evidence, the plaintiff's counsel made no attempt to show that the evidence of a promise while the proceedings in insolvency were pending, and before the discharge, was rightly admitted, but cited *Kingston* v. *Wharton*, 2 S. & R. 208, to sustain the admission of evidence of a promise made before the defendant filed his petition in insolvency. It seems not to have occurred to counsel or to the court, in that case, that evidence had ever before been received or offered, in answer to a discharge in bankruptcy or insolvency, of a promise made after the issuing of a commission of bankruptcy or the commencement of proceedings in insolvency, and before discharge granted. And there is no previous case in which the question whether such evidence

is admissible was brought before this court. If the authorities on this question which have been cited in the present case had been cited in that, we have no belief that they would have been set at naught by the single *dictum* of the chief justice, on which the defence in this case is placed. It is manifest, we think, that he had in mind only the evidence of a promise made before the defendant petitioned for the benefit of the insolvent law, no other having been brought to his attention by counsel. It was that promise before the discharge which he declared (and rightly) to be "incompetent for any purpose." See *Corliss* v. *Shepherd,* 28 Maine, 552; *Stebbins* v. *Sherman,* 1 Sandf. 513. The only point which was adjudged in *Reed* v. *Frederick* is shown by the reporter's marginal abstract of the case.

The law of England on the subject of promises by bankrupts to pay demands from which they have been discharged has been annulled by *St.* 12 & 13 Vict. (1849,) *c.* 106, § 204, which enacts that " no bankrupt, after his certificate shall have been allowed, shall be liable to pay or satisfy any debt, claim or demand from which he shall have been discharged by virtue of such certificate, upon any contract, promise or agreement made after the issuing of the fiat or filing of the petition for adjudication of bankruptcy." *Verdict set aside, and a new trial ordered.*